Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214
[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Stephanie R. Tatar, Esq. S.B. #237792
**TATAR LAW FIRM, APC**
3500 West Olive Ave., Ste 300
Burbank, CA 91505
(323) 744-1146
Fax (888) 778-5695
*Stephanie@TheTatarLawFirm.com*

Attorney for: Plaintiff SEUNGTAE KIM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEUNGTAE KIM, an Individual; | Case No.: CV 14 – 1752 BRO SH |
| Plaintiff, | Assigned: Hon. Beverly Reid O'Connell |
| vs. | |
| BMW FINANCIAL SERVICE NA, LLC, | **MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| Defendants. | |
| | Trial Date:   4/21/15 |

**STATEMENT OF FACTS:**

Plaintiff intends to prove the following facts at trial:

1
Memo of Contentions of Fact and Law

1. On or about September 6, 2013, Plaintiff discovered that EQUIFAX, EXPERIAN and TRANSUNION were all reporting an account for a car loan from BMW FINANCIAL SERVICES NA, LLC., that was 90 days late starting in June 2013.
2. On September 6, 2013, BMW FS received an ACDV from Equifax requesting a reinvestigation of the account in question.
3. On or about September 7, 2013, Plaintiff filed a police report and submitted it to EQUIFAX, EXPERIAN and TRANSUNION in an effort to resolve the identity theft issue.
4. On or about September 9, 2013, Plaintiff telephones BMW FS to report the identity theft to BMW FS.
5. On September 9, 2013, BMW FS receives an ACDV from Experian requesting a reinvestigation of the account in question.
6. On September 9, 2013, BMW FS receives an ACDV from TransUnion requesting a reinvestigation of the account in question.
7. On or about September 10, 2013, BMW sends Plaintiff correspondence requesting documentation of the identity theft, including a request to complete, sign and have notarized an affidavit pertaining to the fraud.
8. On or about September 16, 2013, Plaintiff received a response from EXPERIAN stating it had "processed" his dispute but no change was made to the BMW FS account.
9. On September 18, 2013, BMW FS responds to the ACDV received by Equifax on September 6, 2013 and BMW FS verifies the account as belonging to Plaintiff.
10. On September 19, 2013 BMW FS sends correspondence addressed to Seung Kim at an address for Mike Kim which claims a deficiency balance of $8,408.46 on the account in question.

2
Memo of Contentions of Fact and Law

11. On September 19, 2013 BMW responds to the ACDV from Experian which was received on September 9, 2013 and verifies that the account was accurately reporting on Plaintiff's credit report.
12. On or about September 23, 2013, Plaintiff completed a BMW FS identity theft affidavit requested by BMW FS. Along with the affidavit Plaintiff enclosed a copy of the police report and sent it to BMW FS.
13. On September 23, 2013, BMW FS sends correspondence to Plaintiff acknowledging receipt of his identity theft packet.
14. On September 23, 2013 BMW FS responds to the ACDV received from TransUnion and verifies that the account was accurately reporting on Plaintiff's credit report.
15. On or about September 24, 2013, Plaintiff received a response from TRANSUNION indicating that the BMW FS account was verified and there would be no change.
16. On or about October 3, 2013, Plaintiff received a response from Equifax indicating that the BMW FS account was verified and it would remain on Plaintiff's credit profile.
17. On October 7, 2013, BMW FS receives an ACDV from Equifax requesting a reinvestigation of the account in question.
18. On or about October 8, 2013, Plaintiff received a response from EXPERIAN indicating that BMW FS account was verified and it would remain on Plaintiff's credit profile.
19. On or about October 13, 2013, BMW FS receives an ACDV from Equifax asking it to reinvestigate the account in question.
20. On or about October 14, 2013, BMW FS responds to the ACDV received from Equifax on October 7, 2013, and modifies the reporting.

21. On or about October 23, 2013, BMW FS responds to the ACDV from Equifax on October 13, 2013 and verifies that the account is accurately reporting on Plaintiff's credit report.
22. On or about October 30, 2013, Plaintiff received a letter from BMW FS indicating that they had completed their identity theft investigation and concluded that after a thorough review of documentation and notes on his account did not support an identity theft claim; therefore BMW FS would not be removing the tradeline from his credit profile.
23. On or about November 7, 2013, Plaintiff called BMW FS to discuss BMW FS's determination that there was no identity theft.
24. On or about November 22, 2013, Plaintiff filed a second police report with the Los Angeles Police Department.
25. On or about December 5, 2013, Plaintiff received a credit report that was still reporting the BMW FS car loan, except that now the month of June was no longer showing as 30 days late but showing as "ok".
26. On or about May 14, 2014, BMW FS received an ACDV from Experian requesting it to reinvestigate the account in question.
27. On or about June 2, 2014, Plaintiff BMW FS responded to the ACDV received from Experian on May 14, 2014 and verified that the account was accurately reporting on Plaintiff's credit report.
28. The parties do not dispute that one or more of the credit bureaus issued one or more automated dispute verification forms to BMW FS, to which BMW FS responded by verifying the late pay status and repossession status of the vehicle on plaintiff's credit report.
29. Plaintiff contends that the purchase of the vehicle was not a "straw purchase," i.e. a purchase in which plaintiff consensually

participated with Mike Kim.  Plaintiff contends that the purchase of the BMW was not consensual and was an identity theft.

30. Plaintiff contends that Mike Kim forged his name and other identifying features on his vehicle purchase and loan agreements.  BMW FS contests this.

31. Plaintiff contends he suffered both general and special damages as a consequence of BMW FS' credit reporting.  BMW FS contests this.

32. Plaintiff contends that BMW FS failed to conduct a reasonable reinvestigation under FCRA and under the California Identity Theft Law.  BMW FS contests this.

33. Plaintiff contends that BMW FS engaged in credit reporting which it knew to be inaccurate or incomplete, which violates CCRAA.  BMW FS contests this.

34. Plaintiff contends that BMW FS willfully violated both FCRA and CCRAA, thereby entitling plaintiff to punitive damages.

35. Plaintiff contends that BMW FS violated the California Identity Theft Law by clear and convincing evidence, thereby entitling plaintiff to a civil penalty of up to $30,000.00.

2. **LEGAL CLAIMS AND DEFENSES TO BE PRESENTED AT TRIAL**:

**By Plaintiff:**
**A.** The following is a summary statement of the claims plaintiff has pleaded and plans to pursue:
 i. Violation of the Fair Credit Reporting Act (15 U.S.C. Section 1691s-2 (b);
 ii. Violation of the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code Section 1785.25 (a) and 1785.31);

   iii. Violation of the California Identity Theft Law.
- a. The elements required to establish plaintiff's claims:
  - i. Fair Credit Reporting Act
    - a. BMW FS issued inaccurate, incomplete or unverifiable information about plaintiff's account to one or more credit reporting agencies;
    - b. Plaintiff disputed the derogatory credit reporting to the credit bureaus, which in turn notified BMW FS of the dispute;
    - c. BMW FS failed, refused or neglected to perform a reasonable reinvestigation;
    - d. BMW FS did not modify, correct or delete the false, inaccurate or unverifiable credit reporting within the statutory 30-day period;
    - e. Plaintiff's general and special damages.
    - f. Punitive damages for willful violations.
  - ii. Violation of the Consumer Credit Reporting Agencies Act ("CCRAA"):
    - a. BMW FS credit-reported inaccurate or incomplete credit information to one or more credit bureaus which they knew or should have known was incomplete or inaccurate (under CCRAA, there is no requirement that a consumer "filter" his dispute through the credit bureaus first);
    - b. Plaintiff's general and special damages; and,
    - c. Punitive damages for willful violations.
  - iii. Violation of California Identity Theft Law:
    - a. **Non-penalty provision of California Identity Theft Law:** That plaintiff provided written notice to BMW FINANCIAL SERVICES NA LLC that a situation of identity theft might exist, including, upon written request of BMW FINANCIAL SERVICES NA LLC, a valid copy of the police report or the Department of Motor Vehicles investigative report promptly filed at least 30 days prior to his filing of this action.
    - b. **Penalty Provision of California Identity Theft Law:** That at least 30 days prior to filing this action, plaintiff provided written notice to BMW FINANCIAL SERVICES NA LLC at the address designated by BMWFINANCIAL SERVICES NA LLC for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the basis for that belief.
    - c. That BMW FINANCIAL SERVICES NA LLC failed to diligently investigate plaintiff's notification of a possible identity theft.

    d. That BMW FINANCIAL SERVICES NA LLC continued to pursue its claim against the plaintiff after BMW FINANCIAL SERVICES NA LLC was presented with facts that were later held to entitle the victim to a judgment under the California Identity Theft law.
    e. Plaintiff's general and special damages; and,
    f. If plaintiff proves the penalty provision of the California Identity Theft Law by clear and convincing evidence, a civil penalty of up to $30,000.00 (thirty thousand dollars).

Each of the statutes listed above includes attorney's fees and costs to a prevailing plaintiff.

  b. Key evidence in support of the claim.
    a. Plaintiff will present the following testimony in support of his claims:
      i. Plaintiff: will testify that he is not personally obligated for the alleged debts; that he did not authorize Mike Kim, his former boss, to sign his name or to purchase any vehicles; his efforts made to remove him as an obligor for the debts and to correct the false credit reporting; effect of derogatory credit reporting of the debts; general and special damages.
      ii. Thomas Tarter: will testify about industry standards for investigating and reinvestigating claims of false credit reporting; will testify that BMW FS' response to plaintiff's claim of identity theft and false credit reporting was unreasonable.
      iii. Experian corporate witness: will testify regarding the contents of plaintiff's credit reports; will also testify from Experian documents about the sequence of disputes and responses to disputes from plaintiff and from BMW FS.

      iv. Shelley BMW Corporate Witness: will testify regarding the sales transaction, the contents of the sales file, and the surrender of the vehicle.

      v. BMW FS witness: will testify regarding the facts and details of the reinvestigations in this matter and the standard processes that BMW FS utilizes when a customer claims identity theft.

**Documents:** plaintiff has submitted an exhibit list with the documents plaintiff intends to offer at trial.  The key documents include plaintiff's credit reports; the police reports and fraud affidavit filed by plaintiff; ACDV notice exchanges between BMW FS and the credit bureaus; correspondence from plaintiff and plaintiff's attorneys to the defendants; and the sales transaction documents obtained through subpoena to Shelly BMW.

Dated:

      LAW OFFICES OF ROBERT F. BRENNAN APC

      By: /s/ *Robert F. Brennan*
      Robert F. Brennan, Esq.
      Attorneys for Plaintiff
      SEUNGTAE KIM