Rebecca A. Caley, CBN 131997
Christopher M. Domin, CBN 273951
CALEY & ASSOCIATES
A Professional Corporation
265 S. Randolph Avenue, Suite 270
Brea, California 92821-5777
rcaley@caleylaw.com
714/529-1400 Office
714/529-1515 Facsimile
2030-078

Attorneys for Defendant,
BMW Financial Services NA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEUNGTAE KIM, an Individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>BMW FINANCIAL SERVICES NA, LLC., a business entity; EQUIFAX INFORMATION SERVICES LLC, a business entity; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation; TRANSUNION, LLC., a business entity, and DOES 1-10, Inclusive,<br><br>    Defendants. | CASE NO. 2:14-cv-01752-BRO SH<br><br>Assigned to Hon. Beverly Reid O'Connell<br><br>**DEFENDANT BMW FINANCIAL SERVICES' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO ADMIT PLAINTIFF'S SETTLEMENT AGREEMENTS WITH THE CREDIT REPORTING AGENCIES**<br><br>TRIAL DATE: April 21, 2015 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 13, 2015, at 8:30 a.m., in Courtroom 14 located at 312 N. Spring Street, Los Angeles, California 90012, Defendant BMW Financial Services NA, LLC., a Delaware limited liability company ("BMW FS" and/or "Defendant), named as BMW Financial Services NA, LLC, a business entity will and hereby does respectfully move this Court, *in limine*, to admit Plaintiff's settlement agreements with former Defendants Experian, Equifax, and Transunion on the grounds that such evidence is relevant to calculate Plaintiff's damages award should he prevail in the action because: 1) the settlement agreements undoubtedly include an agreement between Plaintiff and the respective CRA to suppress the reporting of BMW FS' tradeline - thereby providing BMW FS with a suppression date cutting off Plaintiff's damages; and 2) any monetary sum received by Plaintiff pursuant to the terms of the settlement agreement should be considered when determining Plaintiff's "actual damages" under the Fair Credit Reporting Act, California Identity Theft Law, and California Consumer Credit Reporting Act.

This Motion is based on this Notice, Memorandum of Points and Authorities, the pleadings on file in this action, the Proposed Order lodged with the Court, and such further argument and evidence as may be presented at the time of hearing on the Motion.

Dated: March 16, 2015

Respectfully submitted,
CALEY & ASSOCIATES
A Professional Corporation

By: /s/ Rebecca A. Caley

Rebecca A. Caley
Christopher M. Domin
Attorneys for Defendant,
BMW Financial Services NA, LLC

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

By way of this Motion in Limine No. 4 (Motion), Defendant seeks to admit Plaintiff's Settlement Agreements with former Defendants Experian, Equifax, and Transunion on the grounds that such evidence is relevant to calculate Plaintiff's damages should he prevail in the action. The production of Plaintiff's Settlement Agreements with the CRAs goes directly to a determination of the "actual damages" Plaintiff has allegedly suffered due to BMW FS' alleged violations of the Federal Fair Credit Reporting Act ("FCRA"), California Identity Theft Law ("CA Identity Theft Law") and the California Consumer Credit Reporting Agencies Act ("CCCRAA").

## II. AN ORDER IN LIMINE IS PROPER

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered. *Luce v. United States*, 469 U.S. 38, 40 (1984). Obtaining a discretionary advance ruling on the admission of specific evidence, minimizes conferences and disruptions during trial by resolving critical evidentiary issues at the outset. *IN re: Japanese Electronic Products Antitrust Litig.* 723 F. 2d 238, 260 (3rd Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1980). Authority for motions in limine is implied from "the courts' inherent power to manage the course of trials. *Luce, supra* at 41. Although motions in limine are most often used by a party attempting to exclude evidence, they can also be used to admit certain evidence. *Piper Aircraft v. Wag-Aero, Inc.* 741 F. 2d 925, 930 (7th Cir. 1984).

## III. PLAINTIFF'S SETTLEMENT AGREEMENTS WITH THE CRAS SHOULD BE ADMITTED

If Plaintiff prevails under his FCRA, CA Identity Theft Law, and CCCRAA causes of action, he would be entitled to "actual damages". Plaintiff has alleged his "actual damages" include damages caused by BMW FS as a result of the Credit

Reporting Agencies ("CRAs") reporting of BMW FS' allegedly false credit remark on Plaintiff's credit report. In his Complaint, Plaintiff named CRAs, Experian, Equifax and Transunion as Defendants under his FCRA claim. During litigation, however, Plaintiff settled with each CRA Defendant. While settlement discussions and documents are not admissible to prove or disprove liability or the amount of a claim, they can be admitted for another purposes, such as calculating damages. *See Ward v. Allegheny Ludlum Steel Corp.* 560 F.2d 579 (10th Cir. 1977). As discussed below, the settlement agreements between Plaintiff and the CRAs are necessary to properly calculate damages should they be awarded to Plaintiff.

Plaintiff has settled with the CRA Defendants and as a result each is almost certainly no longer reporting BMW FS' credit remark on Plaintiff's credit report. The Settlement Agreements will therefore establish the date each CRA stopped reporting BMW FS' credit remark thereby capping Plaintiff's damages to a date certain. Therefore, the date that each CRA last reported BMW FS credit remark is crucial to a calculation of Plaintiff's alleged damages.

Furthermore, under the FCRA, CA Identity Theft Law, and CCCRAA, Plaintiff may be entitled to his "actual damages." 15 U.S.C. §§ 1681(o)-(n); Cal Civ. Code § 1785.31; Cal Civ. Code § 1798.3. The settlement agreements most likely include a monetary sum that should be included when calculating Plaintiff's potential damages award following trial. While BMW FS is unaware of an authority expressly allowing offset under the FCRA, BMW FS would argue that not taking such settlement compensation into account would award Plaintiff more than the "actual damages" allowed under each statutory scheme. Therefore, the settlement agreements are crucial to properly calculate Plaintiff's damages should he prevail.

\\\
\\\
\\\

## IV. CONCLUSION

Based on the foregoing reasons, BMW FS respectfully requests that this Court admit Plaintiff's settlement agreements with former Defendants Experian, Equifax, and Transunion.

Dated: March 16, 2015

Respectfully submitted,
CALEY & ASSOCIATES
A Professional Corporation

By: /s/ Rebecca A. Caley
Rebecca A. Caley
Christopher M. Domin
Attorneys for Defendant,
BMW Financial Services NA, LLC