Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, CA 91214
Tel.: (818) 249-5291
Fax: (818) 249-4329
Email: rbrennan@brennanlaw.com

Stephanie R. Tatar, Esq. [S.B. 237792]
**TATAR LAW FIRM, APC**
3500 West Olive Ave., Ste. 300
Burbank, CA  91505
Tel.: (323) 744-1146
Fax: (888) 778-5695
Email: stephanie@thetatarlawfirm.com

Attorneys for Plaintiff SEUNGTAE KIM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEUNGTAE KIM, an Individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>BMW FINANCIAL SERVICES NA, LLC., et al.,<br><br>            Defendants. | Case No. 2:14–cv–01752–BRO–SH<br>Hon. Beverly Reid O'Connell<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BMW FINANCIAL SERVICES' <u>MOTION IN LIMINE NO. 1</u> TO EXCLUDE THE EXPERT REPORT, SUPPLEMENTAL EXPERT REPORT AND TESTIMONY OF THOMAS A. TARTER; DECLARATION OF ROBERT F. BRENNAN; EXHIBITS**<br><br>Date:   April 13, 2015<br>Time:  [To be set by court]<br>Courtroom: 14<br><br>Trial Date: April 21, 2015 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant BMW Financial Services ("BMWF") moves to exclude from evidence at trial the Expert Report, Supplemental Expert Report and testimony of Plaintiff Seungtae Kim's expert witness Thomas A. Tarter. Defendant's argument is misleading because it fails to consider that the ACDV **does not "cabin the scope of the investigation once undertaken."** *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157, fn. 11 (9th Cir. 2009) (bold added). At best, Defendant's argument goes to the weight of the evidence, not its admissibility. Thomas Tarter is qualified to testify as an expert in this case and is not providing legal opinions. For the reasons discussed herein, Defendant's Motion in Limine No. 1 should be denied.

## II. STATEMENT OF FACTS

This action arises out of wrongful credit reporting by Defendant BMWF of a car loan taken out using Plaintiff Seungtae Kim's identity without his knowledge. Mr. Kim's Complaint states four causes of action, three of which remain against BMWF: First Cause of Action for violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; Second, for violation of the California Identity Theft Law, *Civil Code* § 1798.92 et seq.; and Fourth, for violation of the California Consumer Credit Reporting Agencies Act, *Civil Code* § 1785.1 et seq.

## III. ARGUMENT

### A. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE IT RAISES ISSUES THAT GO TO THE WEIGHT OF THE EVIDENCE, NOT ITS ADMISSIBILITY.

The foundation of Defendant's argument is that no documents were attached to the Automated Credit Dispute Verification (ACDV) transmission, and therefore, BMWF had "zero" information to consider. (Def. Motion, 4:13 – 5:10.) Defendant's

argument incorrectly suggests that BMWF is not required to review additional information submitted by an identity theft victim before or after the ACDV is received.

The ACDV determines the nature of the dispute to be investigated, but it **does not "cabin the scope of the investigation once undertaken."** *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157, fn. 11 (9th Cir. 2009) (bold added). A section 1681s-2(b) investigation "requires an inquiry likely to turn up information about the underlying facts and positions of the parties, not a cursory or sloppy review of the dispute." *Gorman,* at 1155. BMWF cannot justify its poor investigation by blaming the ACDV forms.

The court in *Johnson v. MBNA America Bank, N.A.*, 357 F.3d 426, 430-31 (4th Cir. Va. 2004) noted that an investigation is "a **detailed inquiry** or **systematic examination**," and for purposes of the FCRA, "requires some degree of **careful inquiry,**" not a "superficial" one. (Bold added.) Defendant's argument suggests that it conducted a superficial investigation and that was all that was required. This faulty argument is a thinly veiled attempt as seeking summary judgment.

Further, when the nature of the dispute concerns **fraud or identity theft**, "a more thorough investigation" is warranted. *King v. Asset Acceptance, LLC*, 452 F.Supp.2d 1272, 1279 (N.D. Ga. 2006), citing *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

Plaintiff Kim supplied BMWF directly with abundant information for reinvestigating his claim of ID theft. It is undisputed that Plaintiff's testimony, and indeed the testimony of BMWF witnesses, confirm that Plaintiff forwarded a notarized, detailed identity theft affidavit, at least one police report, a social security card, proof of residence in the form of an apartment lease, and a credit report. (Brennan Decl., ¶ 2.)

2

PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 1 RE THOMAS TARTER

BMWF's lack of reasonable procedures include having a fraud department entirely separate from the ACDV department. (Brennan Decl., ¶ 3.) A jury could conclude that it is designed this way to prevent BMWF's ACDV department from ever seeing the documents submitted by consumers directly to the fraud department—another unreasonable practice. The failure in BMWF's procedures is systemic – a defect in the very operating procedures that are supposed to be designed to protect its customers, ultimately failed Plaintiff. BMWF's credit reporting unit essentially put its blinders on and failed to conduct any investigation to determine if Plaintiff's account should be verified. (Brennan Decl., Exhibit 1, Depo. of Allison E. Parillo, 153:20-24; 163:22-164-15; 165:5-9.) This was the standard operating procedure. (Brennan Decl., Exhibit 1, Parillo Depo., 140:2-23.) Moreover, BMWF could have requested additional documents from any number of different sources, and simply chose not to. There was simply **no inquiry** made into the disputes BMWF received from the credit reporting agencies.

BMWF's motion focuses heavily on two statements in Mr. Tarter's expert report that BMWF's claims are fatal to his opinions. This argument is nothing more than a red herring. The fact of the matter is, and what Mr. Tarter *will* testify to, is that BMWF identity theft investigation (the one that ended on October 30, 2013), and the multiple investigations made upon notice from all three credit reporting agencies, were flawed at the outset—in fact, no amount of supplementation would have changed BMWF's determination. This is because their procedures, or lack thereof, were wholly inadequate and designed to fail the consumer. BMWF's responsibility and liability arises out of its identity theft investigation which ended on October 30, 2013 and the seven FCRA mandated reinvestigation requests from the three national credit reporting agencies. Angela Jarosik, the sole person from Defendant who did the identity theft investigation, pointed out in her deposition that Plaintiff provided a police report, a completed identity theft affidavit, a driver's license copy and a copy of his social security card. Plaintiff also provided proof of his residency at the time

the fraud was committed. He also send a printout of an Experian credit report and highlighted on that report the information on it that did not belong to him. Ms. Jarosik claimed she had all the documentation she needed to reach her conclusion, and Plaintiff provided to her with every document that she asked for. Ms. Jarosik never got the feeling that Plaintiff was not cooperating with her during the course of her investigation. (Brennan Decl., Exhibit 2, Angela Jarosik Depo., 100:14-102:15; 168:1-11 & 15-19.)

Motions in limine should not be disguised motions for summary adjudication of issues. Defendant's motion is dependent on isolated facts which are one-sided, false, unsupported and incomplete. Disputed factual issues do not provide grounds for excluding expert testimony. At best, Defendant's motion in limine raises issues going to the weight of the evidence, not its admissibility.

### B. THOMAS TARTER IS QUALIFIED TO GIVE EXPERT TESTIMONY IN THIS CASE.

Fed. R. Evid. 702 sets forth the factors that qualify an expert witness as follows:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "Unless the court orders otherwise, an expert may state an opinion--and give the reasons for it--without first testifying to the underlying facts or

data. But the expert may be required to disclose those facts or data on cross-examination." Fed. R. Evid. 705.

BMWF's attempt to discredit Mr. Tarter as an expert witness is baseless. Mr. Tarter has qualified as an expert numerous times in credit-related cases such as this. In fact, Mr. Tarter was the designated expert in at least one well known, published, credit-reporting case: *Nelson v. Equifax Info. Servs., LLC*, 522 F.Supp.2d 1222 (C.D. Cal. 2007). Attached hereto as Exhibit 3 is a list of 132 cases in which he has testified. (*Nelson* is # 113 on the list.)

As seen in his expert reports and his CV, he has extensive experience in the banking and consumer finance industry, both as an executive-level bank officer and through his roles working at Gonzaga and Harvard University Consumer Finance Law Clinics. (See Exhibit 4, Tarter CV.) He is unquestionably qualified to testify as an expert in this case. At best, Defendant's argument should be considered as going to the weight of Mr. Tarter's testimony, not his qualifications to testify.

### C. MR. TARTER IS NOT OFFERING LEGAL OPINIONS.

Defendant offers two sentences from Mr. Tarter's report, asserting that they are legal conclusions. BMWF argues that the conclusion in Mr. Tarter's Supplemental Expert's Report that BMWF's credit reporting specialist "failed to conduct a reasonable investigation" is an impermissible legal conclusion. BMWF offers no specific supporting authority on whether an expert may give an opinion on reasonableness. (Def. Motion, 9:23 – 10:1.)

"An [expert's] opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). In an FCRA action, an expert may testify as to whether an investigation was reasonable, as long as the expert is qualified and the opinion reliable. See *Morris v. Equifax Info. Servs. LLC*, 2007 U.S. Dist. LEXIS 26319, *6 (S.D. Tex. Apr. 10, 2007). An opinion as to reasonableness of an investigation is reliable as long as the expert specifies the systems and procedures that are inadequate,

1  laying the foundation for the conclusion in more than a conclusory manner. See *id*. at
2  *10. See also, *Shames-Yeakel v. Citizens Fin. Bank*, 677 F. Supp. 2d 994, 998 (N.D.
3  Ill. 2009) (In an FCRA action, an expert may testify as to whether the bank's
4  investigation was "reasonable and conducted properly.").

5      An expert may testify concerning reasonableness where it requires specialized
6  knowledge to arrive at the conclusion. See e.g., *Hangarter v. Paul Revere Life Ins.
7  Co.*, 236 F.Supp.2d 1069, 1089 (N.D. Cal. 2002) (expert may testify concerning the
8  reasonableness of an insurer's investigation of a claim as falling below industry
9  standards); *Cassino v. Reichhold Chem.*, 817 F.2d 1338, 1341 (9th Cir. Wash. 1987)
10 (expert testimony as to the reasonableness of party's mitigation efforts allowed);
11 *Richman v. Sheahan*, 415 F.Supp.2d 929, 947-948 (N.D. Ill. 2006), affirmed in part,
12 reversed in part on other grounds, *Richman v. Sheahan*, 512 F.3d 876 (7th Cir. Ill.
13 2008) (expert may conclude as to reasonableness as long as the reasons underlying the
14 conclusion are explained); *United States v. Williams*, 343 F.3d 423, 435 (5th Cir.
15 Miss. 2003) (expert opinion testimony about reasonableness allowed when based on
16 specialized knowledge); *United States v. Mohr*, 318 F.3d 613, 623-624 (4th Cir. Md.
17 2003) (expert testimony concerning reasonableness of conduct of police officer
18 allowed). Mr. Tarter's reports provide sufficient reasons underlying his conclusions.
19 (See Def. Motion, Exhibits A and B, Tarter Report and Supplemental Report.)

20     The second sentence to which Defendant objects concerns BMWF's willful and
21 negligent failure to follow commercially reasonable procedures. (Def. Motion, 9:15-
22 16, referring to Def. Exhibit A, Expert Report, p. 21.) The statement was made in Mr.
23 Tarter's report under the heading of an "observation." (See Def. Exh. A, p. 20.) Mr.
24 Tarter's conclusions follow under a separate heading. (See Def. Exh. A, p. 22.)

25     Mr. Tarter is a very experienced expert witness. He does not need to be
26 instructed not to give legal opinions during his trial testimony.
27     ////
28

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion in Limine No. 1 to exclude from evidence the Expert Report, Supplemental Expert Report and testimony of Plaintiff's expert Thomas A. Tarter should be denied.

Respectfully submitted,

Dated: March 23, 2015        **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

By:/s/*Robert F. Brennan*
   Robert F. Brennan
   Attorney for Plaintiff
   SEUNGTAE KIM

PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 1 RE THOMAS TARTER

## DECLARATION OF ROBERT F. BRENNAN

I, Robert F. Brennan, declare as follows:

1. I am Plaintiff Seungtae Kim's attorney in this action against BMW Financial Services ("BMWF") and am personally familiar with the facts set forth herein. If called upon to testify in this action as to matters set forth herein, I could and would competently testify thereto.

2. At trial, Plaintiff will establish that he supplied BMWF directly with abundant information for reinvestigating his claim of ID theft, including a notarized, detailed identity theft affidavit, at least one police report, a social security card, proof of residence in the form of an apartment lease, and a credit report.

3. At trial, Plaintiff will also establish that BMWF's lack of reasonable procedures include having a fraud department entirely separate from its ACDV department (based on the deposition of BMWF's Canada Operations Manager, Alison E. Parillo).

4. Attached hereto as Exhibit 1 are true and correct copies of excerpts of the deposition of Allison E. Parillo taken in this case. (140:2-23, 153:20-24; 163:22-164-15; 165:5-9.)

5. Attached hereto as Exhibit 2 are true and correct copies of excerpts of the deposition of Angela Jarosik taken in this case. (100:14-102:15; 168:1-11; 15-19.)

6. Attached hereto as Exhibit 3 is a true and correct copy of a list of 132 cases in which Plaintiff's expert, Thomas A. Tarter, has testified. The list was provided to me by Mr. Tarter.

7. Attached hereto as Exhibit 4 is a true and correct copy Mr. Tarter's curriculum vitae.

///
///
///
///

1   I declare under penalty of perjury under the laws of the United States and the
2   State of California that the foregoing is true and correct. Executed this 23rd day of
3   March, 2015 at La Crescenta, California.

/s/*Robert F. Brennan*
Robert F. Brennan

PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 1 RE THOMAS TARTER