Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, CA 91214
Tel.: (818) 249-5291
Fax: (818) 249-4329
Email: rbrennan@brennanlaw.com

Stephanie R. Tatar, Esq. [S.B. 237792]
**TATAR LAW FIRM, APC**
3500 West Olive Ave., Ste. 300
Burbank, CA  91505
Tel.: (323) 744-1146
Fax: (888) 778-5695
Email: stepanie@thetartarlwfirm.com

Attorney for Plaintiff SEUNGTAE KIM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEUNGTAE KIM, an Individual,<br><br>          Plaintiff,<br><br>   vs.<br><br>BMW FINANCIAL SERVICES NA, LLC., et al.,<br><br>          Defendants. | Case No. 2:14–cv–01752–BRO–SH<br>Hon. Beverly Reid O'Connell<br><br>**PLAINTIFF'S DISPUTED JURY INSTRUCTIONS WITH DEFENSE OBJECTIONS AND PLAINTIFF'S RESPONSES.**<br><br>Date:  March 23, 2015<br>Time:  3:00 p.m.<br>Courtroom: 14<br><br>Trial Date: April 21, 2015 |

## 5.2 (MODIFIED) MEASURE OF DAMAGES.

If you find that BMW FINANCIAL SERVICES NA, LLC breached a duty under the Fair Credit Reporting Act, or the California Fair Debt Collection Practices Act, or the California Consumer Credit Reporting Agencies Act or the California Identity Theft law, and that plaintiff was harmed by such action, then you may award compensatory damages to him for:

a)      Humiliation and embarrassment.

b)      Mental Anguish.

c)      Injury to Reputation and Creditworthiness.

d)      Emotional Distress.

e)      Economic or financial damages.

He may also recover punitive damages and penalties, about which I will instruct you later in these instructions.

**OBJECTIONS ON NEXT PAGE**

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

There is no authority cited for the statement that Plaintiff is entitled to compensatory damages for: a) humiliation; b) mental anguish; c) injury to reputation of creditworthiness; d) emotional distress; e) and economic or financial damages under each cause of action.  Furthermore, each separate listed emotional injury is misleading and prejudicial to BMW FS if Plaintiff is attempting representing that emotional distress and mental anguish is made up of each and every subpart which could leave to overcompensation.  In its current form, this instruction appears to seek multiple recovery. Also, the applicable damages available under each cause of action should be identified separately rather than lumped together in one instruction as each statute defines the types of damages differently. In its current form this instruction is likely to confuse the jurors and prejudice Defendant.

**PLAINTIFF'S RESPONSE**

The instruction is a proper instruction of law.  There is nothing in the instruction suggesting a "multiple recovery".

Legal Authority:

**Emotional distress or mental anguish, loss of sleep, frustration:** <u>Acton v. Bank One</u>, 293 F. Supp. 2d 1092 (D. Ariz. 2003); <u>Millstone v. O'Hara</u> (383 F. Supp. 269 (E. D. Mo. 1974), aff'd 528 F.2d 829 (8th Cir. 1976); <u>Fishl v. GMAC</u> 708 F. 2d 143 (5th Cir. 1983); <u>Pinner v. Schmidt</u>, 617 F. Supp. 342 (E.D. La. 1985), aff'd in part, rev'd

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

1  in part, 805 F. 2d 1258 (5th Cir. 1986); <u>Dalton v. Capital Assoc.</u> 257 F. 3d 409 (4th Cir.

2  2001).

3        **Pecuniary & out-of-pocket losses:** <u>Casella v. Equifax</u>, 56 F. 3d 469 (2dn Cir.

4  1995); <u>Matise v. TransUnion</u>, 1998 WL 872511 (N.D. Tex. Nov. 30, 1998).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

## 5.5 PUNITIVE DAMAGES (MODIFIED FOR FCRA)

If you find for the plaintiff under the federal Fair Credit Reporting Act, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was willful.  Conduct is willful under FCRA if defendant acted <u>recklessly</u> with respect to the rights of plaintiff.

Plaintiff does not need to prove malice, ill will, or spite to prove willfulness.
If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Authority for Instruction 5.5 as modified: 15 U.S.C. Section 1681n; <u>Safeco Ins. Co. of America v. Burr</u> (2007) 75 USLW 4386, 127 S.Ct. 2201, 2208-2210, 167 L.Ed.2d 1045.

**OBJECTIONS ON NEXT PAGE**

This instruction needs to define "reckless" as used in relation to the FRCA. In deciding the case of *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 69 (2007), the United States Supreme Court clearly defined "reckless" conduct relating a FRCA violation as conduct that is "an unjustifiably high risk of harm that is either known or so obvious that it should be known." This definition needs to be included in the instruction or proposed separately. Without such a definition this instruction prejudices Defendant and may confuse the jury.

## PLAINTIFF'S RESPONSE

BMW wants the court to instruct the jury that, essentially, BMWF acted deliberately in wrecking plaintiff's credit. The "reckless disregard" standard is the standard for willfulness under several cases leading up to *Safeco v. Burr, supra*, including Reynolds v. Hartford 435 F. 3d 1081 (9th Cir. 2006, and Apodaca v. Discover Financial Services, 417 F. Supp.2d 1220 [D.N.M. 2006] [Id. at 1229, "requiring FCRA plaintiffs to prove the defendant actually knew that it was violating the law would "create perverse incentives" for credit reporting agencies to pursue a policy of deliberate ignorance of the law in order to avoid liability for punitive damages."].

To resolve the issue, plaintiff has agreed to a separate instruction which uses the exact language defining "reckless" from *Safeco,* quoted above. This should remove the objection.

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

## 5.5 PUNITIVE DAMAGES (MODIFIED FOR CCRAA)

If you find for the plaintiff under the California Consumer Credit Reporting Agencies Act, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was willful.  Conduct is willful under CCRAA if defendant acted recklessly with respect to the rights of plaintiff.

Plaintiff does not need to prove malice, ill will, or spite to prove willfulness.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Under the CCRAA, you may assess punitive damages of up to $5,000 for each violation of CCRAA.

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

Authority for Instruction 5.5 as modified for CCRAA:

Cal. Civ. Code Section 1785.25 (a) and 1785.31 (a); Safeco Ins. Co. of America v. Burr (2007) 75 USLW 4386, 127 S.Ct. 2201, 2208-2210, 167 L.Ed.2d 1045

**OBJECTIONS**

Defendant objects to this jury instruction because it references the "FCRA" rather than the "CCRAA" despite being modified for the "CCRAA". Also, if reckless conduct can be considered willful under the CCRAA, then the term "willful" as used under the act should be defined as to not confuse the jury.

**PLAINTIFF'S RESPONSE**

BMW wants the court to instruct the jury that, essentially, BMWF acted deliberately in wrecking plaintiff's credit. The "reckless disregard" standard is the standard for willfulness under several cases leading up to Safeco v. Burr, supra, including Reynolds v. Hartford 435 F. 3d 1081 (9th Cir. 2006, and Apodaca v. Discover Financial Services, 417 F. Supp.2d 1220 [D.N.M. 2006] [Id. at 1229, "requiring FCRA plaintiffs to prove the defendant actually knew that it was violating the law would "create perverse incentives" for credit reporting agencies to pursue a policy of deliberate ignorance of the law in order to avoid liability for punitive damages."].

To resolve the issue, plaintiff agrees to a separate instruction which uses the exact language defining "reckless" from Safeco, quoted above. The reference to "FCRA" was a typographical error which has been corrected. The addition of the language from Safeco should resolve the dispute for this instruction.

**5.5 MODIFIED--CIVIL PENALTY—CALIFORNIA IDENTITY THEFT LAW**

In addition to any other damages, plaintiff may recover a civil penalty of up to $30,000.00 (thirty thousand dollars) if plaintiff first proves by a preponderance of the evidence that he is a victim of identity theft, and then establishes by clear and convincing evidence all of the following:

1. That at least 30 days prior to filing this action, plaintiff provided written notice to BMW FINANCIAL SERVICES NA LLC at the address designated by BMW FINANCIAL SERVICES NA LLC for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the basis for that belief.

2. That BMW FINANCIAL SERVICES NA LLC failed to diligently investigate plaintiff's notification of a possible identity theft.

3. That BMW FINANCIAL SERVICES NA LLC continued to pursue its claim against the plaintiff after BMW FINANCIAL SERVICES NA LLC was presented with fact that were later held to entitle the victim to a judgment under the California Identity Theft law.

I have given you a separate instruction defining "victim of identity theft".

Authority for 5.5 modified for Cal. Identity Theft Law: Cal. Civ. Code Section 1798.93 (c) (6).


**OBJECTIONS ON NEXT PAGE**

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

Defendant objects to this jury instruction because it is misleading and therefore likely to confuse the jury. Under the California Identity Theft Law, a plaintiff can only recover a civil penalty if he or she first establishes that she is "a victim of identity theft", meaning "a person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit goods, services, money, or property obtained by the identify theft, and filed a police report in this regard pursuant to § 530.5 of the Penal Code. <u>Cal. Civ. Code</u> §§1798.92, 1793(a).  In its current form, the jury would be instructed to award a civil penalty even if it did not find Plaintiff was a victim of identity theft.

## **PLAINTIFF'S RESPONSE**

Defendant's objection of not including the definition of "victim of identity theft" is answered by including a defense instruction with this definition.  This should resolve the dispute for this instruction.

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

# P 1.  CAUSATION

Plaintiff need not show that any item of their damages was solely caused by any violation of the law.  Rather, plaintiff's burden of proof is to show that the violation, or violations, of law were a substantial factor (or factors) in bringing about plaintiff's damages.

Authority for P-25: *Philbin v. Trans Union Corp*, 101 F.3d 957, 970 (3d Cir. 1996).

**OBJECTIONS ON NEXT PAGE**

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

Defendant objects to this jury instruction because it is misleading and therefore likely to confuse the jury.  Specifically the sentence, "Plaintiffs need not show that any item of their damages was solely caused by any violation of the law." This sentence is irrelevant to any of the causes of action and also incorrectly identifies multiple plaintiffs.  Furthermore, the authority cited in support of the jury instruction reflects that a **"FRCA** plaintiff must produce evidence from which a reasonable trier of fact could infer that the inaccurate entry was a 'substantial factor' that brought about the denial of credit", which the Plaintiff was alleging as damages. *Philbin v. Trans Union Corp.*, 101 F.3d 957, 970 (3rd Cir. 1996). This authority does not support this jury instruction's blanket statement that "plaintiff's burden of proof is to show that the violation, or violations, of law were a substantial factor (or factors) in bringing about plaintiffs' damages."  Furthermore, this *Philbin* was a FRCA case and therefore does not support a causation instruction on the California Identity Theft Law cause of action.

**PLAINTIFF'S RESPONSE**

"Plaintiffs," instead of the singular "plaintiff", was a typographical error, easily corrected.  The instruction is otherwise a correct statement of the law and consistent with plaintiff's burden on causation in civil cases generally.  BMWF evidently would prefer plaintiff have a higher burden for proving causation, but there is no authority supporting any higher burden for plaintiff.

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

P-4

The term 'investigation' under FCRA is defined as a detailed inquiry or systematic examination.   The meaning of 'investigation' under FCRA clearly requires some degree of careful inquiry by furnishers of credit information.  An investigation under FCRA must be a reasonable investigation under the circumstances to satisfy the investigation requirement.

Authority for P-4:

     Johnson v. MBNA America Bank, NA, 357 F.3d 426, 430-31 (4th Cir. 2004).

**OBJECTIONS ON NEXT PAGE**

Defendant objects to this instruction because its definition of "investigation" under the FCRA is misleading and therefore likely to confuse the jury. The case law cited by Plaintiff does not define the term 'investigation' under the FCRA as a "detailed inquiry or systematic examination." Instead, the authority states that the definition of 'investigation' as defined by Webster's dictionary is a detailed inquiry or systematic examination. The *Johnson* case actually holds that the term "investigation" as used in the CRA, means "some degree of careful inquiry by creditors." Furthermore, the *Johnson* case recognizes that a "reasonable investigation" is not a black and white event, but instead depends on "the facts of the particular case, most importantly the CRA's description of the dispute in its notice." *Gorman* v. *Wolpoff & Adramson*, LLP, 584 F.3d 1147, 1160 (9th Cir. 2009) (discussing *Johnson*). Additionally, the Ninth Circuit in *Gorman* held that an investigation is not unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate. *Id.* at 1160-1161. Therefore, in its current state Defendant's jury instruction misinterprets the law and ignores ninth circuit precedent with a more accurate definition.

**PLAINTIFF'S RESPONSE**

The current instruction is a correct statement of law. Defendant wishes to water down its legal obligations with a number of instructions attempting to limit its investigation obligations, but the law is clear that a furnisher's investigation of a FCRA dispute must be a careful and detailed investigation. Also, *Gorman* (cited by defendant) noted that, in the Ninth Circuit, the ACDV determines the nature of the dispute to be investigated, but it **does not "cabin the scope of the investigation once undertaken."** *Gorman*, 584 F. 3d at 1157, fn. 11 (bold added). Finally, *Gorman* echoes the standard set forth in *Johnson: "*(a section 1681s-2(b) investigation) requires an inquiry likely to turn up information about the underlying facts and

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

1   positions of the parties, not a cursory or sloppy review of the dispute." *Gorman v.*

2   *Wolpoff & Abramson, LLP, supra*, 1155-1157.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

P-7

A consumer has a right under FCRA to maximum possible accuracy for any and all information in his or her credit report.

The standard procedure for disputing information on a credit report is for the consumer to notify a consumer reporting agency of his or her dispute.

The consumer reporting agency then notifies the furnisher of the credit information, who must investigate and report back the results of the investigation to the consumer reporting agency within 30 days.

Authority for P-7:

      15 U.S.C. Section 1681i (1) and (2); section 1681e (b).

**OBJECTIONS ON NEXT PAGE**

Defendant objects to this instruction because it is irrelevant and therefore likely to confuse the jury. The statement that "a consumer has right under the FCRA to maximum possible accuracy for any and all information in his or her credit report" is the standard under the FCRA for a Credit Reporting Agency. As opposed to the language proposed here, 15 U.S.C. 1681e(b) actually reflects that "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual whom the report related." Defendant BMW FS is not a Credit Reporting Agency therefore Plaintiff's first paragraph of Jury Instruction P-7 is irrelevant and could confuse the jury. Defendant does not object to paragraphs 2 and 3 of this jury instruction.

**PLAINTIFF'S RESPONSE**

FCRA governs both credit bureaus and credit furnishers. FCRA is fundamentally a consumer protection statute and furnishers are held to the same standard of accuracy as the bureaus. While plaintiff in this case cannot allege a violation of 15 U.S.C. Section 1681s-2 (a), which does not provide a private right of action, section 1681s-2 (a) sets forth a furnisher's obligation to only furnish accurate information: "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person **knows or has reasonable cause to believe that the information is inaccurate**." This is also substantially the same standard as is found in CCRAA, Cal. Civ. Code Section 1785.25 (a).

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

P-9

Damages available for violations of the CCRAA include economic and non-economic damages, about which I have previously instructed you.

If you find that BMW FINANCIAL SERVICES NA, LLC willfully violated the CCRAA, you may also assess punitive damages against BMW FINANCIAL SERVICES NA, LLC, of up to $5,000 per violation.  I have elsewhere given you an instruction for evaluating punitive damages under CCRAA.

Authority for P-9: Ca. Civ. Code Section 1785.31

**OBJECTIONS ON NEXT PAGE**

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

Defendant objects to this jury instruction because it is misleading and therefore likely to confuse the jury.  Plaintiff's Jury Instruction P-9 attempts to further muddy what damages Plaintiff may be entitled to under the CCCRAA by identifying such damages as "economic and non-economic."  However, the available damages under the CCCRAA are different depending on whether a jury finds a negligent or willful violation. If a negligent violation is found, Plaintiff is *only* entitled to actual damages, including court costs, loss wages, attorney's fees, and when applicable pain and suffering. Civ. Code. § 1985.31(a). If a willful violation is found Plaintiff is entitled to the above referenced actual damages and a potential punitive damages award of between $100 and $5000 for each violation.  Civ. Code. § 1985.31(b). The statute is extremely clear on the damages available to Plaintiff. Therefore, Plaintiff's jury instruction should also be straight forward.

## PLAINTIFF'S RESPONSE

Numerous authorities define "actual damages" as including both economic and non-economic damages.

**Emotional distress or mental anguish, loss of sleep, frustration:** Acton v. Bank One, 293 F. Supp. 2d 1092 (D. Ariz. 2003); Millstone v. O'Hara (383 F. Supp. 269 (E. D. Mo. 1974), aff'd 528 F.2d 829 (8th Cir. 1976); Fishl v. GMAC 708 F. 2d 143 (5th Cir. 1983); Pinner v. Schmidt, 617 F. Supp. 342 (E.D. La. 1985), aff'd in part, rev'd in part, 805 F. 2d 1258 (5th Cir. 1986); Dalton v. Capital Assoc. 257 F. 3d 409 (4th Cir. 2001).

**Pecuniary & out-of-pocket losses:** Casella v. Equifax, 56 F. 3d 469 (2dn Cir. 1995); Matise v. TransUnion, 1998 WL 872511 (N.D. Tex. Nov. 30, 1998).

**P-14 REQUIREMENTS OF CALIFORNIA IDENTITY THEFT LAW**

Under the California Identity Theft law, plaintiff SEUNGTAE KIM must establish that he is a victim of identity theft by a preponderance of the evidence.  In order to recover damages from BMW FINANCIAL SERVICES NA LLC, plaintiff must show that he provided written notice to BMW FINANCIAL SERVICES NA LLC that a situation of identity theft might exist, including, upon written request of BMW FINANCIAL SERVICES NA LLC, a valid copy of the police report or the Department of Motor Vehicles investigative report promptly filed at least 30 days prior to his filing of this action.

I have elsewhere instructed you on the available damages under the California Identity Theft Law.  I have also elsewhere instructed you on the civil penalty available under the California Identity Theft Law.

Authority for P-14: Cal. Civ. Code Section 1798.93 (c).

**OBJECTIONS ON NEXT PAGE**

PLAINTIFF'S OBJECTION TO DESIGNATION OF EXPERT WITNESS AFTER DEADLINE

Defendant objects to this jury instruction because it is misleading and therefore likely to confuse the jury. Under the California Identity Theft Law, a plaintiff can only recover a damages if he or she first establishes that she is "a victim of identity theft", meaning "a person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit goods, services, money, or property obtained by the identify theft, and filed a police report in this regard pursuant to § 530.5 of the Penal Code. <u>Cal. Civ. Code</u> §§1798.92, 1793(a).  In its current form, jury would be instructed to award damages if Plaintiff proves that he simply provided BMW FS with written notice that identify theft might exist and a police report.  This is not the standard.

**PLAINTIFF'S RESPONSE**

If the text of California Identity Theft Law's definition of "victim of identity theft" is included, plaintiff does not object.  Defendant has offered this definition as an instruction and plaintiff will stipulate to using that instruction or to including the language as part of this instruction.  At that point, instruction P-14 would be a proper and complete statement of the law.