**Rebecca A. Caley, CBN 131997**
**Christopher M. Domin, CBN 273951**
**CALEY & ASSOCIATES**
**A Professional Corporation**
**265 S. Randolph Avenue, Suite 270**
**Brea, California 92821-5777**
**rcaley@caleylaw.com**
**714/529-1400 Office**
**714/529-1515 Facsimile**
**2030-078**

Attorneys for Defendant,
BMW Financial Services NA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEUNGTAE KIM, an Individual, | CASE NO. 2:14-cv-01752-BRO SH |
| Plaintiff, | Assigned to Hon. Beverly Reid O'Connell |
| vs. | DEFENDANT BMW FINANCIAL SERVICES NA LLC's REPLY TO PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF PLAINTIFF'S ECONOMIC DAMAGES |
| BMW FINANCIAL SERVICES NA, LLC., a business entity; EQUIFAX INFORMATION SERVICES LLC, a business entity; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation; TRANSUNION, LLC., a business entity, and DOES 1-10, Inclusive, | Date:   April 6, 2015<br>Time:   1:30 p.m.<br>Dept:   14 |
| Defendants. | TRIAL DATE: April 21, 2015 |

**I.   INTRODUCTION**

Plaintiff Seungtae Kim's Opposition grossly misinterprets the Equal Opportunity Act ("the Act") fails to cite any authority in support of his blanket statement that the Act does not require a written notification to the denied credit applicant..  The Act clearly requires creditors to provide a credit applicant written notification of the denial of his or her credit application. Despite this

requirement, Plaintiff has failed to produce any documentation evidencing the denial of credit applications by Bank of America, Toyota, and Audi. Therefore, the only evidence Plaintiff can offer the Court is his own testimony as to hearsay statements made by Bank of America, Toyota and Audi . As Plaintiff has no admissible evidence in support of his claimed monetary or economic damages, BMW FS' Motion should be granted.

## II.     **15 U.S.C. § 1691(d) MANDATES THAT A CREDITOR PROVIDE A CREDIT APPLICANT  WRITTEN NOTIFICATION WHEN CREDIT IS DENIED.**

The Act mandates that after receipt of a completed credit application, a creditor shall take the following action:

> **(1)** . . . **notify the applicant of its action on the application**;
>
> **(2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons** for such action from the creditor. **The creditor satisfies this obligation by**:
>
>> (A) providing statements of reasons **in writing** as a matter of course to applicants against whom adverse is taken; or
>>
>> (B) giving **written notification** of adverse action which discloses
>>
>>> (I) the applicants right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification;
>>>
>>> (ii) the identity of the person . . . from which such statement is obtained. Such statement may be given orally **if the written notification** advised the applicant of his right to have the statement of reasons confirmed in writing on written request.

[15 U.S.C. § 1691(d).]

Under the Act, the term "adverse action" is defined as a "denial or revocation of credit." 15 U.S.C. § 1691(d)(6).  In this matter, Plaintiff has alleged

that he was denied credit by Bank of America, Toyota, and Audi after providing each with credit applications. [Opposition, p.2, lines 1-7.] Therefore, under the Act, adverse actions were allegedly taken against him with respect to each credit application.

The plain language of the statue clearly states that after taking adverse action against a credit applicant, a creditor must notify the credit applicant **in writing** of its decision. 15 U.S.C. § 1691(d)(2)(A)-(B). There is absolutely nothing in the language of the statue or case law that allows a creditor to skirt this requirement through a credit applicant's waiver. The only part of the language remotely close to such a possibility is the Act's statement that the "statement of reasons" for a creditor's denial "may be given orally if the **written notification** advises the applicant of his right to have the statement of reasons confirmed in writing on request." 15 U.S.C. § 1691(d)(2)(B)(ii). Therefore, while the reasons for the denial may be oral should the credit applicant choose, a creditor must first **always** send the credit applicant a notification of its credit decision and a written advisement that the credit applicant is entitled to a statement of reasons in writing should he or she wish. These procedural requirements are necessary given that purpose of the Act is to product credit applicants from discrimination on the basis of race, color, religion, national origin, sex, martial status and age. 15 U.S.C. § 1691(a). Plaintiff's interpretation that a credit applicant can waive notification of the denial of her or his credit application is a gross misinterpretation of the Act.

III. **PLAINTIFF'S TESTIMONY REGARDING THE CREDITORS' DENIAL OF HIS CREDIT APPLICATION CONSTITUTES HEARSAY.**

FED. R. EVID. 801(c) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. In absence of a procedural rule or statute,

hearsay is inadmissable unless it is defined as non-hearsay under Rule 801(d) or falls within a hearsay exception under FED. R. EVID. 803, 804 or 807. Plaintiff argues that verbal credit denials communicated to him by employees of Bank of America, Toyota, and Audi do not constitute hearsay based they are based on his "personal knowledge." This is not a recognized exception to any of the hearsay rules. FED. R. EVID. 803, 804 or 807.  Personal knowledge is a generally requirement a proponent establish before she or testifies, it is not a hearsay exception. FED. R. EVID. 602.  The statements made by Bank of America, Toyota, and Audi representatives regarding Plaintiff's alleged credit denials remain an out of court statement offered to prove the truth of the stated. Plaintiff's alleged knowledge of these denials do not make them admissible.

      Finally, BMW FS' Motion is to exclude evidence of Plaintiff's economic or monetary damages. As noted in BMW FS' moving papers,  Plaintiff was asked during discovery to identify all monetary losses he claimed to have sustained since January 1, 2011, as a result of BMW FS' credit remark on his credit report. In response, Plaintiff identified **only** the following:

- "Bank of America credit card turn down, $5,000"
- "Turn-down of Toyota leases of new vehicle, estimate at $15,000"
- "Turn-down of leases from Audi dealership for new vehicle, estimated at $20,000. [Caley Decl., ¶3, Exhibit "A", pg. 3, lines 12-21.]

Plaintiff did not identify any monetary damages in the form of medical bills associated with his claim of emotional distress.  While BMW FS acknowledges that Plaintiff may be entitled to present evidence and argue for emotional distress damages based on his testimony alone, he has not produced any admissible evidence establishing actual monetary losses as a result of his emotional distress damages. Similarly, Plaintiff has not produced evidence

establishing monetary losses associated with the alleged credit denials.

Therefore, BMW FS' Motion should be granted.

## IV. CONCLUSION

Based on the foregoing reasons, and those offered in its moving papers, BMW FS respectfully requests that this Court grant BMW FS' Motion in Limine No. 2.

Dated: March 30, 2015           Respectfully submitted,

                                        CALEY & ASSOCIATES
                                      A Professional Corporation

                                  By: */s/ Rebecca. A. Caley*
                                          Rebecca A. Caley
                                          Christopher M. Domin
                                          Attorneys for Defendant,
                                          BMW Financial Services NA, LLC