**FILED**
CLERK, U.S. DISTRICT COURT

August 28, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ jloz _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SEUNGTAE KIM,

Plaintiff,

v.

BMW FINANCIAL SERVICES N.A., LLC ET AL.,

Defendants

Case No.   CV 14-01752 BRO (SHx)

**JURY INSTRUCTIONS**

The following sets forth the Court's final jury instructions which will guide your consideration of the evidence in this case.

Dated: 8.27.15

HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT COURT JUDGE

1.

**Instruction No. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

## Instruction No. 2

2

3    When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

4

5    You should base your decision on all of the evidence, regardless of which party presented it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 3:**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Instruction No. 4

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which the lawyers have agreed.

**Instruction No. 5**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I gave a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction No. 6:**

Some evidence may be admitted for a limited purpose only.

If I instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instruction No. 7:**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Instruction No. 8:**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.  The opportunity and ability of the witness to see or hear or know the things testified to;

2.  The witness's memory;

3.  The witness's manner while testifying;

4.  The witness's interest in the outcome of the case and any bias or prejudice;

5.  Whether other evidence contradicted the witness's testimony;

6.  The reasonableness of the witness's testimony in light of all the evidence; and

7.  Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

**Instruction No. 9:**

2

3       The evidence that a witness has been convicted of a crime or lied under oath on

4   a prior occasion may be considered, along with all other evidence, in deciding whether
    or not to believe the witness and how much weight to give to the testimony of the

5   witness and for no other purpose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Instruction No. 10:

Languages other than English were used during this trial.

The evidence to be considered by you is only that provided through the official court translator. Although some of you may know Korean, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

1

**Instruction No. 11:**

2

3    You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Instruction No. 12:**

2

3      During trial, the parties offered into evidence documents that have been
"redacted," meaning that portions of these documents have been blacked out and
4      stamped "redacted." The redactions are necessary only to protect private personal
information of individuals or entities that may or may not be a party to this lawsuit.
5      While you may give the unredacted information in any document whatever weight
6      you choose, you are not to consider any characterizations of the fact or existence of a
redaction in any document.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 13:**

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

1. On September 7, 2013 Plaintiff filed an identity theft report with the Los Angeles Police Department.
2. On or about September 9, 2013, Plaintiff telephoned BMW FS to report his claim of identity theft to BMW FS.
3. On or about September 10, 2013, BMW sent Plaintiff correspondence requesting documentation of the identity theft claim, including a request to complete, sign and have notarized an affidavit pertaining to his claim of identity theft.
4. On September 19, 2013 BMW FS sent out correspondence to a Dublin, Ca. address, which claimed a vehicle sale deficiency balance of $8,408.46 on the account in question.
5. On September 18, 2013, plaintiff signed and had notarized BMW's identity theft affidavit.
6. On or about September 23, 2013, BMW FS received plaintiff's identity theft affidavit requested by BMW FS. Along with the affidavit, Plaintiff enclosed a copy of a September 7th and 17th supplemental identity theft police report and other identification documents.
7. On September 23, 2013, BMW FS sent correspondence to Plaintiff acknowledging receipt of his identity theft packet.
8. On or about October 30, 2013, BMW FS sent plaintiff correspondence indicating that they had completed their identity theft investigation and determined after a review of documentation and notes on his account, they did not support an identity theft claim; therefore BMW FS would not be removing the tradeline from his credit profile.
9. On or about November 7, 2013, Plaintiff called BMW FS to discuss BMW FS's determination that there was no identity theft.
10. On or about November 22, 2013, Plaintiff filed a second police report with the Los Angeles Police Department.

14.

1

**Instruction No. 14:**

2

3        Some witnesses, because of education or experience, are permitted to state
opinions and the reasons for those opinions.

4

5        Opinion testimony should be judged just like any other testimony.  You may
accept it or reject it, and give it as much weight as you think it deserves, considering
the witness's education and experience, the reasons given for the opinion, and all the
other evidence in the case.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instruction No. 15:**

Whether or not you have taken notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Instruction No. 16:**

A court technician will show you how to operate the computer and other equipment, and how to locate and view the exhibits on the computer. If you request, you will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

17.

**Instruction No. 17:**

All parties are equal before the law and a limited liability company is entitled to the same fair and conscientious consideration by you as any party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 18:**

Under the law, a limited liability company is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a limited liability company is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instruction No. 19:**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.  One may be an agent without receiving compensation for services.  The agency agreement may be oral or written.

1

**Instruction No. 20:**

2

3       An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 21:**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

**Instruction No. 22:**

Plaintiff claims Defendant violated the Fair Credit Reporting Act.

Under the Fair Credit Reporting Act, Defendant is a furnisher of information to credit bureaus. When a furnisher receives notice of a dispute with regard to the completeness or accuracy of any information provided by the furnisher to a consumer reporting agency, the furnisher shall:

1. Conduct an investigation with respect to the disputed information;

2. Review all relevant information provided by the consumer reporting agency;

3. Report the results of the investigation to the consumer reporting agency; and

4. If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

   a. Modify that item of information;
   b. Delete that item of information; or,
   c. Permanently block the reporting of that item of information.

The furnisher must complete its reinvestigation within 30 days of receiving notice from the consumer reporting agency.

1

**Instruction No. 23:**

2

3       To satisfy the requirements of Fair Credit Reporting Act, a furnisher's
investigation of disputed derogatory credit information must be a reasonable

4     investigation.  A superficial or unreasonable investigation does not satisfy the Fair
Credit Reporting Act's requirements.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Instruction No. 24:**

2

3        If a furnisher receives notice of a consumer's dispute from a credit reporting
agency and then verifies the disputed derogatory credit information without
4        conducting a reasonable investigation, this violates the furnisher's duties under the
Fair Credit Reporting Act.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Instruction No. 25:**

3

     When determining whether BMW Financial Services NA, LLC conducted a

4

reasonable investigation of Plaintiff Seungtae Kim's claim of identity theft following

notification by a Credit Reporting Agency, you are not to consider any decisions by

5

any other creditors or third parties regarding Plaintiff's claim of identity theft as each

6

investigation may be different from another with different information to consider.

Decisions made by other creditors or third parties, however, can be considered to

7

show that Plaintiff Seungtae Kim made other identity theft disputes to third parties.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 26:**

Plaintiff also claims that Defendant violated the California Consumer Credit Reporting Agencies Act.

To prove a violation of California Consumer Credit Reporting Agencies Act, Plaintiff must prove that Defendant engaged in credit reporting which Defendant knew, or should have known, was inaccurate or incomplete.

1
2
3

**Instruction No. 27:**

4
5
6

In order for an item on a credit report to be incomplete or inaccurate under the Fair Credit Reporting Act or the California Consumer Credit Reporting Agencies Act, it must be patently incorrect or misleading in such a way that it can be expected to adversely affect credit decisions.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3

**Instruction No. 28:**

4    A person who furnishes inaccurate or incomplete information to a consumer
5  credit reporting agency is liable for failure to comply with the California Consumer
6  Credit Reporting Agencies Act, unless the furnisher establishes by a preponderance of
   the evidence that, at the time of the failure to comply, the furnisher maintained
7  reasonable procedures to comply.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

**Instruction No. 29:**

4

5        Plaintiff also brings a claim against Defendant under the California Identity
Theft Law.  To prevail on this claim, Plaintiff must first establish that he is a victim of
identity theft by a preponderance of the evidence.

6

7        A victim of identity theft means a person who had his or her personal
identifying information used without authorization by another to obtain credit, goods,

8   services, money, or property, and did not use or possess the credit, goods, services,
money, or property obtained by the identity theft, and filed a police report in this

9   regard pursuant to Section 530.5 of the Penal Code.

10

11       In order to recover damages from Defendant for a violation of the California
Identity Theft Law, Plaintiff must show that he provided written notice to Defendant

12  that a situation of identity theft might exist, including, upon written request of
Defendant, a valid copy of the police report or the Department of Motor Vehicles

13  investigative report promptly filed at least 30 days prior to his filing of this action.

14

15       Separate instructions regard the available damages under the California Identity
Theft Law and the civil penalty available under the California Identity Theft Law.

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 30:**

If Plaintiff establishes that he is a victim of identity theft, then in addition to any other damages, Plaintiff may also recover a civil penalty of up to $30,000.00 (thirty thousand dollars). Plaintiff must first prove by a preponderance of the evidence that he is a victim of identity theft. Plaintiff must then establish by clear and convincing evidence all of the following:

1. That at least 30 days prior to filing this action, Plaintiff provided written notice to Defendant at the address designated by Defendant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the basis for that belief;

2. That Defendant failed to diligently investigate Plaintiff's notification of a possible identity theft; and

3. That Defendant continued to pursue its claim against Plaintiff after Defendant was presented with facts that were later held to entitle the victim to a judgment under the California Identity Theft law.

Please refer to the previous instruction for the definition of a "victim of identity theft."

1
2
3

**Instruction No. 31:**

4
5
6

If you find that Defendant violated the Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, or the California Identity Theft Law, Plaintiff must prove that the violation was a substantial factor in bringing about Plaintiff's injuries to recover actual damages for those injuries.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instruction No. 32:**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following instructions on damages:

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1
2
3

### Instruction No. 33:

If you find that BMW Financial Services NA, LLC breached a duty under the Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, or the California Identity Theft Law, and that Plaintiff was harmed by such action, then you may award compensatory damages to him for:

1. Economic or financial damages;

2. Non-economic damages, including mental suffering or anguish, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress; and

3. Injury to reputation and creditworthiness.

No fixed standard exists for deciding the amount of non-economic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**Instruction No. 34:**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. That the plaintiff failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

**Instruction No. 35:**

If you find that Defendant willfully violated the Fair Credit Reporting Act or the California Consumer Credit Reporting Agencies Act, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under the law. An act or omission is oppressive if the person who performs or fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

1

2

**Instruction No. 36:**

3

    You must not consider, or include as part of any award, attorney fees or

4

expenses that the parties incurred in bringing or defending this lawsuit.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Instruction No. 37:

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 38:**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction No. 39:**

     If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Instruction No. 40:**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.