**Rebecca A. Caley, CBN 131997**
**Christopher M. Domin, CBN 273951**
**CALEY & ASSOCIATES**
**A Professional Corporation**
**265 S. Randolph Avenue, Suite 270**
**Brea, California 92821-5777**
**rcaley@caleylaw.com**
**714/529-1400 Office**
**714/529-1515 Facsimile**
**2030-078**

Attorneys for Defendant,
BMW Financial Services NA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEUNGTAE KIM, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>BMW FINANCIAL SERVICES NA, LLC., a business entity; EQUIFAX INFORMATION SERVICES LLC, a business entity; EXPERIAN INFORMATION SOLUTIONS, INC., a Corporation; TRANSUNION, LLC., a business entity, and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-01752-BRO SH<br><br>Assigned to Hon. Beverly Reid O'Connell<br><br>DECLARATION OF REBECCA A. CALEY IN SUPPORT OF DEFENDANT BMW FINANCIAL SERVICES NA, LLC'S MOTIONS FOR: (1) JUDGMENT AS A MATTER OF LAW UNDER RULE 50(b); AND (2) NEW TRIAL UNDER RULE 59<br><br>DATE: November 2, 2015<br>TIME: 1:30 p.m.<br>CTRM: 14<br><br>TRIAL DATE: August 25, 2015 |

I, REBECCA A. CALEY, declare as follows:

1. I am an attorney duly licensed to practice law before this United States District Court and all courts within the State of California and am the

principal of the law offices of Caley & Associates, the attorneys of record for Defendant, BMW FINANCIAL SERVICES NA, LLC, a Delaware limited liability company ("Defendant" and/or "BMW FS") in the above entitled matter. I am over the age of 18 years and I have personal knowledge of the facts as stated herein and if called upon, I could and would competently testify thereto. I am the attorney assigned primary responsibility for this case and therefore most qualified to make this declaration.

2. I was lead counsel for the trial that commenced in this Court on August 25, 2015 and proceeded through jury verdict on August 28, 2015 in the above referenced matter, along with my co-counsel, Christopher M. Domin.

3. After the presentation of the evidence, upon behalf of Defendant, I moved for Judgment as a Matter of Law under Federal Rules of Civil Procedure Rule 50(a) as to all three causes of action brought by the Plaintiff, those being the Federal Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Act ("CCCRA") and the California Identity Theft Law ("CITL"), arguing that Plaintiff failed to submit sufficient evidence in support of each claim to meet his required burden of the preponderance of the evidence and therefore a directed verdict was appropriate. [See Court Reporter's Transcript ("CRT") Page Nos 675, Line 19 through page 680, Line 10, Vol. IV]

4. The motion was denied by the Court as to all claims and submitted to the jury for deliberation and verdict.

5. A verdict was rendered in favor of Plaintiff under the FRCA with "Injury to reputation and creditworthiness" damages in the sum of $250,000 and under the CITL with non-economic damages awarded in the sum of $150,000 and a civil penalty in the sum of $30,000. A verdict was rendered in favor of Defendant under the California Consumers Credit Reporting Act. [See Redacted Verdict Form attached to Defendant's Appendix of Trial Exhibits ("Appendix") as Item No. "1" and concurrently filed herewith.]

6. This Declaration is being offered in support of Defendant's Rule 50(b) Renewed Motion for a Judgment as a Matter of Law and Rule 59 Motion for New Trial (collectively referred to as "Motions").

7. Defendant ordered a copy of the entire Court Reporter's Transcript from Court Reporter Myra Ponce and citations to the Court Reporters' Transcript ("CRT") are from that record.

8. I have personally reviewed the CRT excerpts referenced in both Motions and this Declaration and hereby attest that said record excerpts are accurate representations. Additionally I have reviewed all Exhibits attached to Defendants Appendix of Trial Exhibits ("Appendix"), Item Nos. "1" through "14" and further attest that they are true correct copies as attached to the Appendix, and is concurrently filed with this Declaration, Motions and Request for Judicial Notice.

9. I personally reviewed the entire testimony in the CRT of Plaintiff and Plaintiff's witness, Young Soon Seo offered at trial and neither witness ever mentioned the word "reputation" or a like synonymous word. [See CRT Page No. 255 starting with Line 21 and ending on Page No. 366 at Line 17 for Plaintiff's entire testimony, and starting at Page No. 368 at Line 1 and ending on Page 376 Line 23 for Young Hoon Seo's entire testimony, Vol. II]

10. I personally input the word "reputation" into the "Find" search window function of the CRT and searched all four (4) volumes. The word "reputation" only appeared in the record when Plaintiff's counsel was arguing the content of the jury verdict outside the presence of the Jury, during the Court's reading of the Jury Instructions to the Jury and during closing argument when Plaintiff's counsel suggested these damages for the first time, asking the Jury to insert the figure of $250,000. [See CRT Page No. 304, Lines 9-14 during verdict form argument of counsel, Page No. 573, Line 19 during the Court reading of the

///

Jury Instructions, Vol. III and Page Nos. 603, Lines 18-25 through Page 604, Lines 1-25, Vol. III during Plaintiff's closing argument.]

11. Additionally, I personally conducted a word search of the entire four volume CRT for the word "creditworthiness" or "credit worthiness." Those words only appeared in the record when the Shelly BMW witness called by Plaintiff generally referred to the hypothetical "creditworthiness" of a proposed customer during his testimony, and the same was true for Plaintiff's witness Thomas A. Tartar, in considering a hypothetical customer. The words were never mentioned in the context of the Plaintiff's specific creditworthiness, and again, was only mentioned when counsel was discussing the verdict form before the Court outside the presence of the Jury, and again during Plaintiff's closing argument. [See CRT at Page Nos. 603, Lines 18-25 through Page 604 Lines 1-25, Vol. III]

12. Attached to the Appendix as Item No. “2” is a true and correct copy of admitted trial Exhibit “101” Power of Attorney.”

13. Attached to the Appendix as Item No. “3” is a true and correct copy of admitted trial Exhibit “116” BMW Financial Services Letter Denying ID Theft Claim.

14. Attached to the Appendix as Item No. “4” is a true and correct copy of admitted trial Exhibit “164” Stipulation re Credit Reporting.

15. Attached to the Appendix as Item No. “5” is a true and correct copy of admitted trial Exhibit “162” Ski Photograph.

16. Attached to the Appendix as Item No. “6” is a true and correct copy of admitted trial Exhibit “46” Identity Theft Police Report.

17. Attached to the Appendix as Item No. “7” is a true and correct copy of admitted trial Exhibit “50” Victims Supplemental Financial Loss Report.

18. Attached to the Appendix as Item No. “8” is a true and correct copy of admitted trial Exhibit “51” Fraud Affidavit of S. Kim to BMW FS.

19. Attached to the Appendix as Item No. "9" is a true and correct copy of admitted trial Exhibit "59" S. Kim LAFD Identity Theft Report.

20. Attached to the Appendix as Item No. "10" is a true and correct copy of admitted trial Exhibit "153" April 11, 2011 Experian Credit Report.

21. Attached to the Appendix as Item No. "11" is a true and correct copy of admitted trial Exhibit "154" second April 11, 2011 Experian Credit Report.

22. Attached to the Appendix as Item No. "12" is a true and correct copy of Jury Instruction No. 3.

23. Attached to the Appendix as Item No. "13" is a true and correct copy of Defendant's Proposed Special Jury Instruction No. 17.

24. Attached to the Appendix as Item No. "14" is a true and correct copy of Defendant's Proposed Special Jury Instruction No. 3.

25. On April 13, 2015, the Court ruled on disputed Special Jury Instructions proposed by each party. On that date, Defendant proposed Special Instruction No. 17 that instructed the jury, in summary, that a consumer, such as Plaintiff, could not bring a lawsuit against a credit furnisher, such as Defendant, for failure to conduct a reasonable investigation when the consumer disputes the information directly with the furnisher, rather than through the CRA. Plaintiff objected to said proposed Defendant Special Jury Instruction (see attached to Appendix as Item No. "13"). The Court sustained the objection as argumentative.

26. On April 13, 2015, the Court also ruled on Defendant's proposed Special Instruction No. 3 that instructed the jury, in summary, that the "reasonableness" of an investigation under the FCRA is determined by the CRA's description of the dispute, and that an investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate. Plaintiff objected to

said proposed Defendant Special Jury Instruction (see attached to Appendix as Item No. "14). The Court sustained the objection as argumentative and dicta from the cited case of *Gorman v. Wolpoff.* 584 F. 3d 1147, (9th Cir. 2009).

27. Declarant met and conferred with Plaintiff's counsel, Robert Brennan, concerning Defendant's Motion for Judgment as a Matter of Law and New Trial. Mr. Brennan responded that he would be opposing these motions but that if any "middle ground" type of proposals were made he would consider them, but none are expected at the time of filing this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of October, 2015, at Brea, California.

*/s/ Rebecca A. Caley*
REBECCA A. CALEY