**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEUNGTAE KIM, an individual,<br><br>          Plaintiff-Appellee,<br><br>   v.<br><br>BMW FINANCIAL SERVICES NA LLC, a business entity,<br><br>          Defendant-Appellant. | No.   15-56801<br><br>D.C. No.<br>2:14-cv-01752-BRO-JC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted July 14, 2017
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and CHEN,** District Judge.

Plaintiff Seungtae Kim brought this action asserting federal and state statutory claims in connection with alleged wrongful credit reporting on the part of Defendant BMW Financial Services NA, LLC ("BMW FS"). Kim maintained that

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

he had been the victim of identity theft, and that BMW FS insufficiently investigated his claim. After a jury awarded Kim $250,000 under the Fair Credit Reporting Act ("FCRA") for injury to reputation or creditworthiness, $150,000 under the California Identity Theft Law ("CITL") for noneconomic damages, and assessed a civil penalty of $30,000 under the CITL, BMW FS moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), arguing that the evidence in the record was insufficient to support: (1) the jury's verdict on Kim's claim under the FCRA, and (2) the jury's award of civil penalties under the CITL. BMW FS also moved for a new trial under Federal Rule of Civil Procedure 59 on the grounds that: (1) the damages awarded by the jury for the FCRA claim were unsupported by evidence in the record, and (2) the district court erred by refusing a requested jury instruction. The district court denied the motions, and BMW FS appeals. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court correctly denied BMW FS's motion for judgment as a matter of law with respect to Kim's claim under the FCRA, 15 U.S.C. § 1681 *et seq*. A "jury's verdict must be upheld if it is supported by 'substantial evidence.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1215 (9th Cir. 2011) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)).

Kim presented evidence of actual damages to reputation or creditworthiness: he was denied credit by Bank of America, Toyota, and Audi as a result of BMW

FS's derogatory credit reporting and was not denied credit after the derogatory trade line was removed. The jury could reasonably have inferred that Kim's creditworthiness or reputation was harmed by BMW FS's reporting. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006) ("We must . . . draw all reasonable inferences in [the nonmoving] party's favor.").

    2.    The district court properly denied BMW FS's motion for a new trial on the amount of damages awarded under the FCRA claim. "We review the district court's ruling on a motion for a new trial under Rule 59(a) for an abuse of discretion." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 962 (9th Cir. 2009). Kim's testimony that he was denied credit three times after BMW FS's negative reporting—despite the fact that he previously had good enough credit to purchase three different vehicles—provided evidence that the harm to Kim's creditworthiness was substantial. In addition, Kim presented expert testimony that derogatory reports (which indicated his car was repossessed) carry serious consequences, including lower credit scores and a reduced ability to obtain employment. In light of the inherent difficulty in quantifying damages for injury to creditworthiness or reputation, the district court did not abuse its discretion in concluding that there was sufficient evidence to support the jury's award of $250,000 for the FCRA claim.

3. The district court properly denied BMW FS's motion for judgment as a matter of law. In its motion, BMW FS asserted there was insufficient evidence to justify a civil penalty under the CITL, Cal. Civ. Code § 1798.93(c)(6). BMW FS concedes that it waived this claim below by failing to raise it during its initial motion under Rule 50(a). Accordingly, we are "limited to reviewing the jury's verdict for plain error, and should reverse only if such plain error would result in a manifest miscarriage of justice." *Go Daddy*, 581 F.3d at 961 (quoting *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 888 (9th Cir. 2002)). There was no such plain error.

The CITL provides for a civil penalty where a victim establishes by clear and convincing evidence "[t]hat the claimant continued to pursue its claim against the victim after the claimant was presented with facts that were later held to entitle the victim to a judgment pursuant to this section," among other requirements. Cal. Civ. Code § 1798.93(c)(6)(C). The civil penalty provision of the CITL "does not apply to a 'claimant' who no longer has a claim at the time the lawsuit is filed." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1093 (9th Cir. 2008).

BMW FS argues that because it had not engaged in any active collection efforts against Kim after the suit was filed, it had not "continued to pursue its claim" against Kim within the meaning of the statute. Cal. Civ. Code § 1798.93(c)(6)(C). BMW FS makes essentially two arguments: first, that in order

to "pursue" a claim, a claimant must actively attempt to collect, and second, that such collection efforts must persist *after* the suit was filed. *Satey* forecloses both arguments, making clear that a claimant must simply "ha[ve] a claim *at the time the lawsuit is filed.*" 521 F.3d at 1093 (emphasis added). Here, BMW FS listed the derogatory trade line at issue at the time the action was commenced. BMW FS presents no authority that maintaining such a derogatory credit line is not pursuit of a claim under the CITL. Accordingly, there was no plain error in the jury's award of civil penalties under the CITL.

  4. Finally, BMW FS contends that it is entitled to a new trial because the district court erred in refusing to give a requested jury instruction regarding the meaning of a "reasonable" investigation under FCRA. "We review challenges to the district court's formulation of the jury instructions for an abuse of discretion by determining whether the instructions, considered as a whole, were inadequate or misleading." *Masson v. New Yorker Magazine, Inc.*, 85 F.3d 1394, 1397 (9th Cir. 1996) (quoting *Gizoni v. Southwest Marine Inc.*, 56 F.3d 1138, 1142 n.5 (9th Cir. 1995)).

  Here, the district court fully instructed the jury on the elements of a claim under FCRA, including the requirement that any investigation be "reasonable." *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1152 (9th Cir. 2009). BMW FS challenges not the accuracy of this instruction, but rather the district

court's refusal to instruct the jury on additional language from the *Gorman* opinion. However, the instructions as a whole were not inadequate or misleading; they correctly described the requirement that any investigation be "reasonable." Accordingly, the district court did not abuse its discretion in declining to give BMW FS's requested instruction.

**AFFIRMED.**